No. 24-13590

In the

# United States Court of Appeals
# for the Eleventh Circuit

---

DELTONA TRANSFORMER CORPORATION,

*Plaintiff-Appellee,*

v.

THE NOCO COMPANY,

*Defendant-Appellant.*

---

On Appeal from the U.S. District Court for the Middle District of Florida,
Case No. 6:19-cv-00308-CEM (Hon. Carlos E. Mendoza)

---

**MOTION FOR LEAVE TO FILE BRIEF OF 31 INTELLECTUAL PROPERTY AND MEDIA LAW PROFESSORS AS *AMICI CURIAE* IN SUPPORT OF APPELLANT AND REVERSAL**

---

Phillip R. Malone
Nina K. Srejovic
JUELSGAARD INTELLECTUAL PROPERTY
 AND INNOVATION CLINIC
MILLS LEGAL CLINIC AT
 STANFORD LAW SCHOOL
559 Nathan Abbott Way
Stanford, CA 94305
Telephone: (650)-725-6369
Fax: 650-723-4426
*Counsel for Amici Curiae*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

*Amici* Intellectual Property and Media Law Professors, by and through undersigned counsel, and pursuant to Federal Rule of Appellate Procedure Rule 26.1 and Eleventh Circuit Rule 26.1-1(a)(3), hereby notify the Court that the Certificate of Interested Persons filed by Appellant The NOCO Company (Dkt.6) is correct and complete, with the following additions:

1. Carrier, Michael A. (Professor, Rutgers Law School): *Amicus Curiae*

2. Catanzaro, Zachary (Professor, St. Thomas University, Benjamin L. Crump College of Law): *Amicus Curiae*

3. Diamond, Shari Seidman (Professor, Northwestern University Pritzker School of Law): *Amicus Curiae*

4. Dobbs, Ashley R. (Professor, University of Richmond School of Law): *Amicus Curiae*

5. Dogan, Stacey (Professor, Boston University School of Law): *Amicus Curiae*

6. Farley, Christine Haight (Professor, American University Washington College of Law): *Amicus Curiae*

7. Gebhard-Koenigstein, August (Certified Law Student, Stanford Law School Juelsgaard Intellectual Property and Innovation Clinic)

8. Ghosh, Shubha (Professor, Syracuse University College of Law): *Amicus Curiae*

9. Gibson, James (Professor, University of Richmond School of Law): *Amicus Curiae*

10. Goldman, Eric (Professor, Santa Clara University School of Law): *Amicus Curiae*

11. Heymann, Laura A. (Professor, William & Mary Law School): *Amicus Curiae*

12. Hsieh, Timothy T. (Professor, Oklahoma City University School of Law): *Amicus Curiae*

13. Johnson, Eric E. (Professor, University of Oklahoma College of Law): *Amicus Curiae*

14. Lantagne, Stacey M. (Professor, Western New England University School of Law): *Amicus Curiae*

15. Lemley, Mark A. (Professor, Stanford Law School): *Amicus Curiae*

16. Levine, David S. (Professor, Elon University School of Law): *Amicus Curiae*

17. Li, Selina (Certified Law Student, Stanford Law School Juelsgaard Intellectual Property and Innovation Clinic)

18. Liebesman, Yvette Joy (Professor, Saint Louis University School of Law): *Amicus Curiae*

19. Lobel, Orly (Professor, University of San Diego School of Law): *Amicus Curiae*

20. Love, Brian J. (Professor, Santa Clara University School of Law): *Amicus Curiae*

21. Malone, Phillip (Counsel of Record for *Amici*)

22. Mendoza, Carlos E. (U.S. District Judge)

23. McKenna, Mark P. (Professor, UCLA School of Law): *Amicus Curiae*

24. Miers, Jess (Professor, University of Akron School of Law): *Amicus Curiae*

25. Moffat, Viva R. (Professor, University of Denver Sturm College of Law): *Amicus Curiae*

26. Ochoa, Tyler T. (Professor, Santa Clara University School of Law): *Amicus Curiae*

27. Perzanowski, Aaron (Professor, University of Michigan Law School): *Amicus Curiae*

28. Ramsay, Lisa (Professor, University of San Diego School of Law): *Amicus Curiae*

29. Reid, Amanda (Professor, University of North Carolina at Chapel Hill): *Amicus Curiae*

30. Rosenblatt, Betsy (Professor, Case Western Reserve University School of Law): *Amicus Curiae*

31. Said, Zahr K. (Professor, Santa Clara University School of Law): *Amicus Curiae*

32. Silbey, Jessica (Professor, Boston University School of Law): *Amicus Curiae*

33. Sprigman, Christopher (Professor, NYU School of Law): *Amicus Curiae*

34. Srejovic, Nina (Counsel of Record for *Amici*)

35. Stanford Law School Juelsgaard Intellectual Property and Innovation Clinic

36. Tang, Xiyin (Professor, UCLA School of Law): *Amicus Curiae*

37. Tushnet, Rebecca (Professor, Harvard Law School): *Amicus Curiae*

38. Zhou, Jina (Certified Law Student, Stanford Law School Juelsgaard Intellectual Property and Innovation Clinic)

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1, *amici* state that they have no parent corporation and that no publicly held corporation holds 10 percent or more of their stock.

# MOTION FOR LEAVE TO FILE *AMICI* BRIEF

*Amici* Intellectual Property and Media Law Professors respectfully move for leave to file a brief in support of Appellant in this appeal, pursuant to Federal Rule of Appellate Procedure 29(a)(2) and (a)(3) and 11th Circuit Rule 29-1.[1] The proposed brief is being tendered herewith. All parties have received notice of the filing of this motion and proposed brief. Counsel for Appellant has consented to the filing of the proposed brief; counsel for Appellee has advised that Appellee opposes the filing.

*Amici* are 31 professors of intellectual property and media law at universities throughout the United States. *Amici* regularly write and teach about trademark law and intellectual property law generally.[2] Various of the *amici* have long studied and written about the implications of competitive keyword advertising and initial interest confusion in trademark law, as well as the positive impact that keyword advertising can have on informing consumers and facilitating valuable competition. *Amici* have no personal or financial interest in the outcome of this case. They share a professional interest in ensuring that trademark law develops in a way that serves

---

[1] *Amici* state, pursuant to 11th Circuit Rule 27-1(a)(4), that they are not aware of prior actions of this or any other court or judge to which this motion, or a substantially similar or related application for relief, has been made.
[2] A list of *amici* law professors and their institutional affiliations, for identification purposes only, is provided in the Appendix.

the public interest by protecting consumers from confusion while promoting vigorous, truthful competition in the marketplace.

The proposed *amici* brief satisfies the requirements of Federal Rule of Appellate Procedure 29(a)(3) because the brief is desirable and asserts matters relevant to the disposition of this case. The brief provides and explains *amici* law professors' perspectives that, 1) as a matter of trademark law, advertisers that place ads through competitive keyword bidding, without also using the mark in ad text, do not infringe another's mark, and 2) by placing an ad through bidding on a competitor's mark as a keyword the advertiser does not designate the source of its own goods. The brief also explains that the theory of initial interest confusion ("IIC"), which this Court has never adopted, is a doubtful one in most circumstances and that, even if there are some contexts in which that theory is viable, competitive keyword advertising is not one.

Finally, the proposed brief details why competitive keyword advertising is a valuable method of marketing to potential customers, providing consumers with helpful information about their purchasing options and thereby increasing competition in the marketplace. *Amici* share their understandings that, rather than infringing the rights of trademark holders, competitive keyword advertising serves trademark law's goals of reducing consumer search costs and helping markets function. The proposed brief analyzes and articulates how these factors have led

federal appellate and district courts across the country to reach a clear consensus that competitive keyword advertising is not infringing and is legally permissible.

*Amici's* careful and detailed explanations of these specific aspects of trademark law and its development in the proposed brief are relevant to the disposition of this case. Appellant's opening brief squarely raises in this appeal the argument that purchases of keyword advertisements are not, as a matter of law, trademark infringement, that IIC does not cause confusion for infringement purposes, and that adopting IIC as a type of trademark infringement would deny consumers important information and prevent them from making informed choices. Appellant's Br. 3-4, 34-37; Dkt.25. These are precisely the issues on which the proposed brief provides *amici's* extensive expertise and perspectives.

These issues were pursued by Appellee at trial and squarely raised by the District Court in its post-trial decisions. For example, the District Court's September 29, 2023 disgorgement and preliminary injunction order expressly discussed that whether keyword advertising or IIC can lead to infringement are open questions in the Eleventh Circuit, noting that the former "is not clear under Eleventh Circuit law" and that the Circuit has "not yet accepted" the latter. Dkt.423 at 22-23. The Order rejected Appellee's proposed injunction that sought to prohibit Appellant from using Plaintiff's Marks "as keywords or search terms . . . to trigger advertisements, messaging, marketing, or the display of any product [it] offered for sale." *Id.* at 23.

3

But the court's statement in the Order that "it does not appear that *every use* of keywords in this manner would constitute trademark infringement," *id.* at 22 (emphasis added), reveals its view that some keyword advertising uses *would* constitute infringement. The court also stated that "using or purchasing keywords in a manner that would create a likelihood of consumer confusion is already prohibited by the remainder of the injunction, which broadly prohibits use in a manner that is likely to create such confusion," *id.* at 23, again reflecting its conclusion that keyword advertising can cause confusion and constitute trademark infringement.[3] Thus, these issues are directly raised by this appeal, and the arguments in *amici's* brief are relevant.[4]

The proposed brief is also desirable. It will assist this Court's consideration of important but currently unresolved questions in this Circuit regarding competitive

---

[3] The District Court discussed these issues over two pages of its Order, even though it also remarked in a footnote that the litigation was about "systematic infringement" of Appellee's marks and not about Appellant's keyword bids. Dkt.423 at 9, n.6.

[4] In refusing to consent to the filing of the proposed *amici* brief, counsel for Appellee advised counsel for *amici* that it believed the arguments in the proposed amici brief about competitive keyword advertising and initial interest confusion "are not relevant to this case." For the reasons described above, that belief is not correct. *Amici* recognize that the evidence at trial and the District Court's orders addressed other possible bases for infringement beyond competitive keyword advertising. *Amici's* proposed brief does not address those other issues and *amici* take no position on them. Rather, *amici* submit the proposed brief to assist this Court in resolving the legal principles specifically regarding competitive keyword advertising and IIC.

keyword advertising and trademark infringement and whether initial interest confusion can be a viable theory of infringement. The evolution and current state of the law regarding those questions, and the reasons other courts have developed the law as they have, are the very matters on which the brief provides *amici's* expertise and carefully studied perspectives.

For the reasons stated above, *amici* respectfully request leave to file their proposed brief.

March 19, 2025               Respectfully submitted,

By: /s/ Phillip R. Malone

Phillip R. Malone
Nina K. Srejovic
JUELSGAARD INTELLECTUAL PROPERTY AND
  INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305-8610
Tel: (650) 725-6369
jipic@law.stanford.edu

*Counsel for Amici Curiae*

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(A) because it contains 1078 words.

This motion complies with Eleventh Circuit Rule 27-1(a)(11) and with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: March 19, 2025

/s/Phillip R. Malone
Phillip R. Malone
Counsel for *Amici Curiae*

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2025, I caused the foregoing Motion of 31 Intellectual Property and Media Law Professors as *Amici Curiae* in Support of Appellant and Reversal to be electronically filed with the Clerk of the Court for the U.S. Court of Appeals for the Eleventh Circuit using CM/ECF, which will automatically send email notification of such filing to all counsel of record.

Dated: March 19, 2025

                                            /s/Phillip R. Malone/
                                            Phillip R. Malone
                                            Counsel for *Amici Curiae*

# APPENDIX

*Amici curiae* law professors are listed below. Affiliation is provided for identification purposes only, and the brief does not reflect the views of the listed institutions.

**Professor Michael A. Carrier**
Rutgers Law School

**Professor Zachary Catanzaro**
St. Thomas University, Benjamin L. Crump College of Law

**Professor Shari Seidman Diamond**
Northwestern University Pritzker School of Law

**Professor Ashley R. Dobbs**
University of Richmond School of Law

**Professor Stacey Dogan**
Boston University School of Law

**Professor Shubha Ghosh**
Syracuse University College of Law

**Professor James Gibson**
University of Richmond School of Law

**Professor Eric Goldman**
Santa Clara University School of Law

**Professor Christine Haight Farley**
American University Washington College of Law

**Professor Laura A. Heymann**
William & Mary Law School

**Professor Timothy T. Hsieh**
Oklahoma City University School of Law

**Professor Eric E. Johnson**
University of Oklahoma College of Law

**Professor Stacey M. Lantagne**
Western New England University School of Law

**Professor Mark A. Lemley**
Stanford Law School

**Professor David S. Levine**
Elon University School of Law

**Professor Yvette Joy Liebesman**
Saint Louis University School of Law

**Professor Orly Lobel**
University of San Diego School of Law

**Professor Brian J. Love**
Santa Clara University School of Law

**Professor Mark P. McKenna**
UCLA School of Law

**Professor Jess Miers**
University of Akron School of Law

**Professor Viva R. Moffat**
University of Denver Sturm College of Law

**Professor Tyler T. Ochoa**
Santa Clara University School of Law

**Professor Aaron Perzanowski**
University of Michigan Law School

**Professor Lisa Ramsay**
University of San Diego School of Law

**Professor Amanda Reid**
University of North Carolina at Chapel Hill

**Professor Betsy Rosenblatt**
Case Western Reserve University School of Law

**Professor Zahr K. Said**
Santa Clara University School of Law

**Professor Jessica Silbey**
Boston University School of Law

**Professor Christopher Sprigman**
NYU School of Law

**Professor Xiyin Tang**
UCLA School of Law

**Professor Rebecca Tushnet**
Harvard Law School