No. 24-13590

# United States Court of Appeals

*for the*

# Eleventh Circuit

DELTONA TRANSFORMER CORPORATION, a Florida Corporation,

*Plaintiff-Appellee,*

– v. –

THE NOCO COMPANY, an Ohio Corporation,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA IN NO. 6:19-CV-00308-CEM-LHP (HONORABLE CARLOS EDUARDO MENDOZA, U.S. DISTRICT JUDGE)

## PETITION FOR REHEARING/REHEARING *EN BANC*

PATRICIA M. FLANAGAN
JODI-ANN TILLMAN
SHUTTS & BOWEN LLP
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, Florida 33401
(561) 835-8500

– and –

CAMILA CHEDIAK
SHUTTS & BOWEN LLP
200 South Biscayne Boulevard,
Suite 4100
Miami, Florida 33431
(305) 358-6300

*Counsel for Plaintiff-Appellee*

COUNSEL PRESS
A Proceed Service
The Appellate Experts®
(800) 4-APPEAL • (132435)

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rule 26.1-1, Plaintiff-Appellee certifies that the following is a complete list of trial judges, attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this appeal:

1. Bond, Jonathan C. (Counsel for Defendant-Appellant);
2. Castanias, Gregory A. (Counsel for Defendant-Appellant);
3. Cercone, Kristina K. (Counsel for Defendant-Appellant);
4. Chediak, Camila (Counsel for Plaintiff-Appellee);
5. Clarke, Melodee (more than 10% shareholder of Plaintiff-Appellee);
6. DeGory, Amelia A. (Counsel for Defendant-Appellant);
7. Deltona Transformer Corporation (Plaintiff-Appellee);
8. Flanagan, Patricia M. (Counsel for Plaintiff-Appellee);
9. Fuster, Patrick James (Counsel for Defendant-Appellant);
10. Getz, Matt (Counsel for Defendant-Appellant);
11. Gibson, Dunn & Crutcher LLP (Counsel for Defendant-Appellant);
12. Jones Day (Counsel for Defendant-Appellant);
13. Malone, Phillip (Counsel for *Amici*);
14. Mendoza, Carlos E. (U.S. District Judge, United States District Court for the Middle District of Florida);

15. Prelec, Michael L., Sr. (more than 10% shareholder of Plaintiff-Appellee Deltona Transformer Corporation);
16. Price, Leslie Hoffman (U.S. Magistrate Judge, United States District Court for the Middle District of Florida);
17. Raimer, Anna E. (Counsel for Defendant-Appellant);
18. Schnell, Grant Edward Lavelle (Counsel for Defendant-Appellant);
19. Shutts & Bowen LLP (Counsel for Plaintiff-Appellee);
20. Srejovic, Nina (Counsel for *Amici);*
21. Talley, Mark Christian (Counsel for Defendant-Appellant);
22. The NOCO Company (Defendant-Appellant);
23. Tillman, Jodi-Ann (Counsel for Plaintiff-Appellee);
24. Walker, Helgi C. (Counsel for Defendant-Appellant);
25. Wilkes, Meredith M. (Counsel for Defendant-Appellant); and
26. All persons listed on the Certificate of Interested Persons and Corporate Disclosure Statement filed by *Amici* Intellectual Property and Media Law Professors (Doc. 34-1 at 2-5).

No other persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities are financially interested in the outcome of this case or appeal.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-3, undersigned counsel hereby certifies the following:

No publicly held corporation owns 10% or more of Deltona Transformer Corporation's stock.

Dated: August 25, 2026

Respectfully submitted,

**SHUTTS & BOWEN LLP**

/s/ *Patricia M. Flanagan*
Patricia M. Flanagan
Florida Bar No. 58592
525 Okeechobee Blvd.
Suite 1100
West Palm Beach, FL 33401
Tel.: (561) 835-8500
Email: pflanagan@shutts.com

Jodi-Ann Tillman
Florida Bar No. 1022214
525 Okeechobee Blvd.
Suite 1100
West Palm Beach, FL 33401
Tel.: (561) 835-8500
Email: jtillman@shutts.com

Camila Chediak
Florida Bar No. 1039625
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131
Tel.: (305) 379-9177
Email: cchediak@shutts.com

*Attorneys for Appellee Deltona Transformer Corporation*

**RULE 40 STATEMENT**

Pursuant to 11th Cir. R. 40-3(b), undersigned counsel for Deltona expresses a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decisions of the Supreme Court of the United States and the precedents of this Circuit, and that consideration by the full court is necessary to secure and maintain uniformity of the Court's decisions: *Griffin v. United States*, 502 U.S. 46 (1991); *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355 (1962); *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343 (11th Cir. 2019); *Fin. Info. Techs., LLC v. iControl Systems, USA, LLC*, 21 F.4th 1267 (11th Cir. 2021); *MidlevelU, Inc. v. ACI Information Group*, 989 F.3d 1205 (11th Cir. 2021); *Marjam Supply Co. of Florida, LLC v. Pliteq, Inc.*, 812 F. App'x. 803 (11th Cir. 2020); *Luxottica Group, S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303 (11th Cir. 2019); and *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229 (11th Cir. 2008); *see also Swann v. Mitchell*, 435 So. 2d 797 (Fla. 1983); Fla. Stat. § 501.211.

The panel's decision also collides with the Seventh Amendment (*Atlantic*, 369 U.S. at 364) and further entrenches an unreconciled conflict within this Court's own general verdict precedent—*Compare Fin. Info.*, *MidlevelU*, and *Marjam*, *with Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092 (11th Cir. 1983), *In re Torcise*, 116 F.3d 860 (11th Cir. 1997), and *Richards v. Michelin Tire Corp.*, 21

F.3d 1048 (11th Cir. 1994); *see also Tire Engineering & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292 (4th Cir. 2012); *Davis v. Rennie*, 264 F.3d 86 (1st Cir. 2001)).

Undersigned counsel expresses a belief, based on a reasoned and studied professional judgment, that this appeal involves questions of exceptional importance: (1) whether a court may presume that a jury disregarded its instructions and rested a general damages award on an uninstructed, unsubmitted theory; (2) whether harm to goodwill and the cost of corrective advertising are "actual damages" under FDUTPA; and (3) whether a single, indivisible award for one injury may be vacated because one of several independently sufficient theories was later invalidated. These questions are further set forth in the Statement of the Issues below.

*/s/ Patricia M. Flanagan*
Patricia M. Flanagan
*Attorney of Record for Plaintiff-Appellee*
*Deltona Transformer Corporation*

# TABLE OF CONTENTS

**Page**

RULE 40 STATEMENT ....... iv
TABLE OF CONTENTS ....... vi
TABLE OF AUTHORITIES ....... vii
INTRODUCTION ....... 1
STATEMENT OF THE ISSUES ....... 2
STATEMENT OF PROCEEDINGS ....... 3
STATEMENT OF FACTS ....... 5
ARGUMENT AND AUTHORITIES ....... 7
I. Keyword Bidding Cannot Support Vacatur: It Was Never Submitted As Infringement, And The Jury Awarded No Damages On That Basis ....... 7
II. That Goodwill Harm Is Not "Actual Damages" Under FDUTPA Conflicts With Precedent And Rests On A DCA Gloss The Florida Supreme Court Never Adopted ....... 9
III. The Panel's Automatic-Vacatur Rule Collides With The Seventh Amendment And Deepens A Circuit Split And An Unreconciled Conflict In This Court's Own Precedent ....... 12
CONCLUSION ....... 17
CERTIFICATE OF COMPLIANCE ....... 19
CERTIFICATE OF SERVICE ....... 20

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**


**Aronowitz v. Health-Chem Corp.*,
513 F.3d 1229 (11th Cir. 2008) .................................... iv., 1, 3, 8, 10, 11, 12, 14

**Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,*
369 U.S. 355 (1962)........................................................................ iv., 2, 17

*Badia Spices, Inc. v. Gel Spice Co., Inc.,*
2019 WL 7373002 (S.D. Fla. Sept. 27, 2019) ....................................................4

*Blankenship v. Washington Mut. Mortgage Pass-Through Certificates, WMalt Series 2006-5*,
2013 WL 12385376 (M.D. Fla. Jan. 24, 2013) ................................................10

*Bruneau ex rel. Schofield v. S. Kortright Cent. Sch. Dist.,*
163 F.3d 749 (2d Cir. 1998) ..........................................................................12

**Burger King Corp. v. Mason,*
710 F.2d 1480 (11th Cir. 1983) ....................................................................2, 17

*Christopher v. Cutter Lab'ys*,
53 F.3d 1184 (11th Cir. 1995) ........................................................................15

*City of Los Angeles v. Heller*,
475 U.S. 796 (1986) .......................................................................................17

*Davis v. Rennie,*
264 F.3d 86 (1st Cir. 2001)..............................................................v., 3, 12, 13

**Fin. Info. Techs., LLC v. iControl Sys., USA, LLC,*
21 F.4th 1267 (11th Cir. 2021) ....................................................... iv., 3, 13, 15

**Free v. Baker*,
469 F. App'x. 786 (11th Cir. 2012) .................................................................16

**Griffin v. United States,*
502 U.S. 46 (1991)......................................................................... iv., 3, 13

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.,*
921 F.3d 1343 (11th Cir. 2019) ............................................. iv., 2, 3, 9, 11, 12

*Hetzel v. Prince William Cnty.*,
523 U.S. 208 (1998)......................................................................................17

*In re Torcise*,
116 F.3d 860 (11th Cir. 1997) ................................................. iv., 3, 14, 16, 17

*Johansen v. Combustion Engineering, Inc.*,
170 F.3d 1320 (11th Cir. 1999) ......................................................................17

*J & M Turner, Inc. v. Applied Bolting Tech. Prods., Inc.,*
1998 WL 47379 (E.D. Pa. Jan. 30, 1998)......................................................16

*Kossman v. Ne. Ill. Reg'l Commuter R.R. Corp.*,
211 F.3d 1031 (7th Cir. 2000) ........................................................................13

**Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*,
932 F.3d 1303 (11th Cir. 2019) ..................................................... iv., 2, 15, 16

**Maiz v. Virani*,
253 F.3d 641 (11th Cir. 2001) ........................................................................16

**Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*,
812 F. App'x. 803 (11th Cir. 2020).................................................3, 14, 15, 16

*McCaig v. Wells Fargo Bank (Tex.), N.A.,*
788 F.3d 463 (5th Cir. 2015) ....................................................................13, 16

*McCord v. Maguire*,
873 F.2d 1271 (9th Cir. 1989) ........................................................................14

**MidlevelU, Inc. v. ACI Info. Grp.,*
989 F.3d 1205 (11th Cir. 2021) .................................................. iv., 2, 3, 8, 15

*Mortellite v. Am. Tower, L.P.*,
819 So. 2d 928 (Fla. 2nd DCA 2002)...............................................................4

**PNR, Inc. v. Beacon Prop. Mgmt., Inc.,*
842 So. 2d 773 (Fla. 2003) ....................................................................11, 12

*PODS Enters., LLC v. U-Haul Int'l, Inc.*,
126 F. Supp. 3d 1263 (M.D. Fla. 2015)....8

*Ramada Inns, Inc. v. Gadsden Motel Co.*,
804 F.2d 1562 (11th Cir. 1986)....14

*Richards v. Michelin Tire Corp.*,
21 F.3d 1048 (11th Cir. 1994).... v., 3, 14, 15, 16, 17

*Rollins, Inc. v. Heller,*
454 So. 2d 580 (Fla. 3d DCA 1984)....10

*Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092
(11th Cir. 1983).... iv., 3, 14, 16

*SEB S.A. v. Montgomery Ward & Co.*,
594 F.3d 1360 (Fed. Cir. 2010), *aff'd sub nom. Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754 (2011)....14

**Swann v. Mitchell,*
435 So. 2d 797 (Fla. 1983).... iv., 3, 10, 11, 12

*Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*,
682 F.3d 292 (4th Cir. 2012)....v., 3, 12

**Statutes**

15 U.S.C. § 1117....4, 6, 8, 9

Fla. Stat. § 501.202....10, 11

Fla. Stat. § 501.211.... iv., 3, 9, 11, 12

**Other Authorities**

Eleventh Circuit Civil Pattern Jury Instructions, No. 10.1 (2020)....6

## INTRODUCTION

The Panel affirmed that Deltona's Battery Tender® trademarks are valid and NOCO willfully infringed them under both the Lanham Act and Florida common law. Doc. 76-1 at 43.[1] It also found that "the $1.3 million award was for damage to Deltona's reputation and goodwill" yet vacated it and ordered a new damages trial because the jury "awarded a lump sum … without parsing the damages claim by claim," and it could not "determine the extent to which" the award rested on any invalidated theory. *Id.* at 42–43. That premise misapprehends controlling law and collides with the Seventh Amendment.

First, the finding that keyword-bidding is not infringement cannot support vacatur, because bidding was never submitted to the jury as infringement. That bidding is not actionable does not make it irrelevant to NOCO's intent (a likelihood-of-confusion factor)—the role in which it entered the case. The jury was never instructed on keywords as infringement; Questions 5 and 6 asked only whether "NOCO's use of the terms" caused a likelihood of confusion consistent with the pattern-instruction elements. ECF 314 at 15-17; ECF 315 at 3-4. The Panel must resolve the verdict consistently when possible and that requires affirmance.

---

[1] "Doc." indicates this Court's docket and "ECF" the district court's docket.

Second, the Panel's FDUTPA holding—that goodwill harm is only "consequential" loss—conflicts with *Hard Candy* and *Aronowitz*, which treat goodwill loss as actual damages, and rests on court gloss the Florida Supreme Court never adopted. That conflict, on a recurring question of exceptional importance, warrants en banc review.

Third, even setting those theories aside, the vacatur mechanically applies a rule of automatic reversal this Court and the Supreme Court have rejected. The award compensates injury by a single metric that does not vary by theory, and two affirmed theories each independently support it; under the general-verdict and harmless error rules, the verdict must stand.

## STATEMENT OF THE ISSUES

1. Whether the Panel, rather than making every reasonable effort to sustain the jury's verdict—adopting any reasonable view of the record that renders it consistent—vacated the actual-damages award by speculating the jury could have treated keyword bidding, standing alone, as infringement, contrary to the presumption that the jury followed its instructions (*MidlevelU* and *Luxottica*): a question of exceptional importance warranting rehearing or rehearing en banc. *See Atlantic* and *Burger King*.

2. Whether the Panel erred in holding that Deltona "didn't seek actual damages" under FDUTPA (Doc. 76-1 at 32) because goodwill harm sounds only in

"consequential" damages not recoverable under Fla. Stat. § 501.211(2)—a rule drawn entirely from DCA decisions the Florida Supreme Court never adopted, and one that conflicts with *Hard Candy* and *Aronowitz*, raising a question of exceptional importance and intra-circuit conflict. *See Swann*.

3. Whether the Panel misapprehended the general-verdict rule when it vacated and ordered a retrial of an indivisible award for a single injury—harm to reputation and goodwill—solely because one theory was later invalidated, though affirmed theories each independently support the entire award, where the Panel's automatic-reversal approach deepens an acknowledged circuit split (*see*, *e.g., Davis* and *Tire Eng'g*) and an unreconciled intra-circuit conflict between decisions preserving a single-injury general verdict (*Fin. Info.*, *MidlevelU*, and *Marjam*) and decisions requiring a retrial unless each theory is supported (*Royal Typewriter*, *Torcise*, and *Richards*)). *See also Griffin*.

## STATEMENT OF PROCEEDINGS

Deltona sued NOCO for trademark infringement and unfair competition arising from NOCO's use of Deltona's federally registered Battery Tender® marks. ECF 1 at ¶¶ 1, 8-54. The case was tried to a jury on infringement under the Lanham Act and Florida common law, false advertising under the Lanham Act, and FDUTPA.

The jury rejected NOCO's generic defense (ECF 315 at 1-3): neither registration was "a generic designation for the goods covered by the registration" (Q1 & 3); NOCO's use "caused a likelihood of confusion" as to both marks (Q5 & 6); and Deltona prevailed on false advertising (Q7). It set damages at "1,300,000" dollars on a single, undifferentiated inquiry (Q8 & 9) and found NOCO liable for punitive damages[2] (Q12). ECF 315 at 1-5. The court ordered disgorgement under 15 U.S.C. §1117(a) and an injunction. ECF 423 at 26-28.

The Panel affirmed the marks are valid, that NOCO willfully infringed under both Lanham Act and Florida common law, and that Deltona is entitled to disgorgement and a permanent injunction; it confirmed the $1.3 million "was for damage to Deltona's reputation and goodwill." Doc. 76-1 at 19, 30, 37, 41-42. Having held bidding noninfringing, FDUTPA damages unavailable, and the false-advertising instruction erroneous, it reversed the actual-damages award, concluding it "can't determine the extent to which the $1.3 million damages award reflects liability for any of those claims or theories." Doc. 76-1 at 42-44.

---

[2] NOCO did not appeal the punitive-damages award and it remains intact and binding under the law of the case and claim preclusion doctrines. *See* Doc. 76-1; *see also Badia Spices, Inc. v. Gel Spice Co., Inc.,* 2019 WL 7373002, at *3 (S.D. Fla. Sept. 27, 2019) (citing *Mortellite v. Am. Tower, L.P.*, 819 So. 2d 928, 935 (Fla. 2nd DCA 2002)).

## STATEMENT OF FACTS

For decades, Deltona built Battery Tender® into a trusted name in battery chargers—the reputation and goodwill underlying the corrective-advertising damages. Doc. 45 at 19-21. NOCO entered the market in 2009 and, unable to compete on its own name or buy Deltona's brand (*e.g.,* ECF 318-44), took Deltona's brand as its own and used it "to sell [NOCO's] product[s]." (Doc. 76-1 at 26). *See* Doc. 45 at 9-10 (citing trial exhibits using "battery tender" and "tender" in advertising, product descriptions, and customer communications to refer to NOCO's products). The district court found "evidence of willful infringement is abundant." ECF 423 at 4.

NOCO amplified its infringing content ads by bidding on "battery tender" as a keyword, but bidding was never tried or submitted as infringement—it was admitted "as evidence of intent, not as any one individual dispositive issue." *E.g.,* ECF 405 at 194:14-17; *see* ECF 1 at ¶30. Using a brand name as a keyword is "in and of itself [] not enough for just infringement"; the question is whether confusion follows when a consumer "see[s] the ad." ECF 403 at 72:9-18.

The jury was never instructed on keyword-bidding. The verdict form asked on liability: whether "NOCO's use of the terms" caused confusion, not bidding. ECF 315 at 3-4. The instructions tracked this Circuit's pattern instructions on likelihood-of-confusion factors and damages. ECF 403 at 16:14-21; *cf.* ECF 314 at

15-16 *with* Pattern Jury Instructions, No. 10.1 (Special Interrogatory On Actual Damages). The post-trial order catalogued NOCO's "systematic infringement of Plaintiff's Marks" omitting bidding. ECF 423 at 4-9 n.6.

The damages charge forecloses dividing the award claim-by-claim. Instruction 17 authorized recovery of "the economic injury to [Deltona's] business proximately resulting from NOCO's wrongful acts" and permitted "reasonable approximations." ECF 314 at 28. Instruction 19 made the FDUTPA claim derivative of the infringement and false-advertising claims (ECF 314 at 31-32)—all based on the same conduct and claiming the same injury. *See* 15 U.S.C. §1117; ECF 315 at 4. Instruction 20 barred double recovery. ECF 314 at 11, 33.

The verdict form matched the charge: one damages question—whether "Deltona has suffered actual damages" (Q8), filled-in with $1,300,000 (Q9). ECF 315 at 4. It nowhere asked the jury to itemize damages by claim; it directed the award on the infringing conduct: "If your answer to Question Number 5, 6 <u>or</u> 7 is Yes, proceed to Question Number 8." *Id.* (emphasis added). Because the jury answered "Yes" to Questions 5 and 6, it reached the award on the affirmed trademark theories, independent of false advertising. NOCO did not object. ECF 402 at 232:1-13.

The record supports the jury's damages award based upon consumer-facing infringement. NOCO's expert put no dollar figure on bidding, confirming she only

"looked at [Deltona's] corrective-advertising cost." ECF 401 at 162:22-163:2. The $1.3 million derived from the expense of placing corrective-ads before its customers. ECF 343 at 149:11-15; ECF 401 at 102:4-9. Bidding neither enlarged nor reduced the award.[3]

## ARGUMENT AND AUTHORITIES

### I. KEYWORD-BIDDING CANNOT SUPPORT VACATUR: IT WAS NEVER SUBMITTED AS INFRINGEMENT, AND THE JURY AWARDED NO DAMAGES ON THAT BASIS.

The Panel's concern that the award may be "predicated on" bidding (Doc. 76-1 at 24) cannot survive the record. Bidding was never instructed, tried, or argued as infringement; it entered the case as evidence of NOCO's intent to confuse customers. ECF 405 at 194:14-17. The charge required a finding that NOCO "used the trademarks [] in a manner likely to cause confusion," and Questions 5 and 6 asked whether "NOCO's use of the terms" caused "a likelihood of confusion." ECF 403 at 16:14-21; ECF 314 at 15; ECF 315 at 3-4. The charge gave no path to find bidding infringing; the infringement rests on ads that displayed Deltona's marks and

[3] The 37-ad figure is also not an agreed count. It derives from NOCO's testimony (*see* ECF 402 at 76:8-12, 136:1-5) and an incomplete record due to NOCO, and provides no reliable basis for carving up, much less vacating, the award. The so-called 37 ads without infringing text ran in tandem with the sponsored brand and product ads displaying Deltona's marks, triggered by NOCO's bidding. ECF 402 at 128:17-131:2; *see also* ECF 341 at 197:25-198:17.

commercial-sales communications, and the resulting confusion to be corrected.[4] Doc. 76-1 at 4-9.

The damages charge measured "the economic injury to [Deltona's] business proximately resulting from NOCO's wrongful acts" as permitted under §1117(a) with "reasonable approximations," (ECF 314 at 28)—a measure of restoring the brand's diminished value, not tallying NOCO's wrongful acts. *PODS Enters., LLC v. U-Haul Int'l, Inc.*, 126 F. Supp. 3d 1263, 1284 (M.D. Fla. 2015) (citing *Aronowitz*). The disgorgement order likewise listed "Defendant's systematic infringement" without a bidding component. ECF 423 at 4-8, 9 n.6, 24.

Which conduct was actionable is a liability question; how much it costs to repair the harm is a damages question keyed to the brand's condition from the consumer confusion NOCO caused. The holding that bidding is noninfringing changes nothing about the figure the jury returned. *See e.g., MidlevelU*, 989 F.3d at 1218 (nonactionable conduct relevant to willfulness; admitted nonactionable works in copyright case did not support vacatur of verdict).

[4] Deltona sued to stop NOCO's infringing use of the trademarks not bidding. ECF 318-38 through 318-41; ECF 318-43; ECF 318-246; ECF 319-135; ECF 1 ¶¶55-79.

## II. THAT GOODWILL HARM IS NOT "ACTUAL DAMAGES" UNDER FDUTPA CONFLICTS WITH PRECEDENT AND RESTS ON A DCA GLOSS THE FLORIDA SUPREME COURT NEVER ADOPTED.

The Panel's FDUTPA ruling rests on legal error. It held that although "Deltona proved a FDUTPA violation, it didn't seek actual damages," and so is "entitled to injunctive relief but not to monetary relief." Doc. 76-1 at 32. That rests on two premises: that FDUTPA's "actual damages" are limited to the market-value differential between the product as "delivered" and as "it should have been delivered"; and that "harm to its reputation or goodwill" gives rise "not to actual damages but rather to consequential damages," "not compensable under section 501.211(2)." *Id.* at 31-32. Both misapprehend controlling law.

FDUTPA borrows the Lanham Act's standards. "The legal standards [applied] to [the FDUTPA] claim are the same as those we have applied under section 43(a) of the Lanham Act." *Id*. at 31. FDUTPA "actual damages" cannot then be measured inconsistent with the Lanham Act. The statute authorizes any "person who has suffered a loss" to "recover actual damages." Fla. Stat. §501.211; *see* 15 U.S.C. §1117. Nothing in the Florida statutes confine that "loss" to a consumer's product-value differential; for a competitor's trademark violation, and it is equivalent to the loss the Lanham Act measures.

This Court has long classified goodwill loss and corrective advertising as actual damages. *Hard Candy* holds that Lanham Act "[a]ctual damages" cover

"everything from [] lost sales [] to intangible harm like reputational damage and loss of good will," and lists corrective advertising among "actual business damages and out-of-pocket losses." 921 F.3d at 1353. *Aronowitz* affirmed a trademark-damages award built entirely on corrective-advertising evidence, holding damages include "all elements of injury to the business of the trademark owner proximately resulting from the infringer's wrongful acts," and corrective-advertising estimates supplied "more than sufficient evidence" to sustain the award. 513 F.3d at 1241. Together they place the injury the Panel called "consequential"—goodwill harm and the corrective advertising to repair it—within *actual* damages.

The Panel's cited rule is a DCA gloss the Florida Supreme Court never adopted. The "market-value-differential" formula traces to *Rollins, Inc. v. Heller,* 454 So.2d 580, 585 (Fla. 3d DCA 1984), which borrowed from Texas' Deceptive Trade Practices Act. This Court must decide as the Florida Supreme Court would not follow intermediate courts where the State's highest court points the other way. *Blankenship v. Washington Mut. Mortgage Pass-Through Certificates, WMalt Series 2006-5*, 2013 WL 12385376, at *2 (M.D. Fla. Jan. 24, 2013). Two indicia are decisive.

First, the Florida Supreme Court treats loss of goodwill not as speculative or "consequential," but as damage to a business asset with ascertainable value. In *Swann v. Mitchell*, it defined goodwill as "the advantage or benefit the business has

beyond the mere value of its property and capital" and held it "should be recognized as an asset of a business," whose value can be determined even without a sale—its diminution "is not impossible to determine." 435 So. 2d 797, 799-800 (Fla. 1983). A competitor's loss of goodwill is thus a real, measurable loss—the "loss" for which § 501.211(2) authorizes "actual damages."

Second, FDUTPA must be "construed liberally" to protect not only "the consuming public" but also "legitimate business enterprises" from unfair competition. Fla. Stat. § 501.202. The Florida Supreme Court described FDUTPA as providing "additional substantive remedies [] to recover economic damages." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So. 2d 773, 776 (Fla. 2003). The Panel's rule denies a competitor any monetary remedy for the goodwill injury. At a minimum, this Court should not resolve that tension against Deltona without following *Swann* or certifying it.

Deltona thus sought and proved actual damages—the corrective-advertising cost of restoring diminished goodwill—a category *Hard Candy* and *Aronowitz* classify as actual and the kind of measurable loss *Swann* recognized. The contrary conclusion is error.

Rehearing and en banc review is warranted. The opinion makes the identical injury compensable under the Lanham Act claim (Doc. 76-1 at 42) but not under the FDUTPA claim (*id*. at 32), though both apply the same standards—a result

irreconcilable with *Hard Candy*, *Aronowitz*, *Swann* and *PNR*. Fla. Stat. § 501.211. The FDUTPA damages holding should be reconsidered, or the question certified.

## III. THE PANEL'S AUTOMATIC-VACATUR RULE COLLIDES WITH THE SEVENTH AMENDMENT AND DEEPENS A CIRCUIT SPLIT AND AN UNRECONCILED CONFLICT IN THIS COURT'S OWN PRECEDENT.

Even setting bidding aside, the vacatur rests on a second, independent error: a mechanical application of automatic reversal both the Supreme Court and this Court have rejected. The Panel vacated a single, indivisible award for one injury solely because it "can't determine the extent to which the $1.3 million damages award reflects liability for any of [the invalid] claims or theories." Doc. 76-1 at 42–43. That adopts the most mechanical of the three approaches to a flawed-theory general verdict, which a majority of circuits, and this Court, reject. The premise is mistaken: the award compensates one injury, measured by one metric that does not vary with the theory, so invalidating the false-advertising and FDUTPA theories leaves the award supported.

The First Circuit canvassed the division. *Davis*, 264 F.3d at 105–06. The harmless-error approach, followed by the First, Second and Fourth Circuits, upholds the verdict unless the court cannot be "reasonably certain that the jury was not significantly influenced by issues erroneously submitted to it." *Id.*; *Bruneau ex rel. Schofield v. S. Kortright Cent. Sch. Dist.*, 163 F.3d 749, 759-60 (2d Cir. 1998); *Tire Eng'g*, 682 F.3d at 314 (upholding a lump-sum award after several theories were

dismissed because the claims were "predicated on the same conduct" and the maximum recovery for each was "the same"). The waiver approach—followed by the Seventh, Eighth, and Tenth Circuits, and the Fifth through invited error—affirms "as long as there is substantial evidence to support one of the theories presented," at least absent objection to the verdict form or request for claim-by-claim special interrogatories. *Davis*, 264 F.3d at 106; *Kossman v. Ne. Ill. Reg'l Commuter R.R. Corp.,* 211 F.3d 1031, 1037 (7th Cir. 2000); *McCaig v. Wells Fargo Bank (Tex.), N.A.,* 788 F.3d 463, 476–77 (5th Cir. 2015). The Panel asked neither whether the error was harmless nor whether NOCO waived its objection.

The Supreme Court drew the governing line, and the Panel overlooked it. *Griffin* distinguishes two defects in a general verdict. A verdict is set aside where a submitted ground is legally defective, because jurors "are not generally equipped to determine whether a particular theory … is contrary to law." *Griffin*, 502 U.S. at 59. But where a ground is "merely unsupported by sufficient evidence," "the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *Id.* at 56–57, 59. Here, the award compensates one injury by a standard that does not vary with the theory, and two affirmed theories support it in full; under *Griffin*, that indivisible sum need not be thrown out because the jury was not asked to itemize it. *Id.* at 60; *Fin. Info.*, 21 F.4th at 1275.

The Federal Circuit applied that rule in *SEB S.A. v. Montgomery Ward & Co.*, affirming a damages award despite "hopeless ambiguity" over which theory the jury used, because each was independently proper. 594 F.3d 1360, 1374–75, 1378 (Fed. Cir. 2010); *accord McCord v. Maguire,* 873 F.2d 1271, 1273-74 (9th Cir. 1989).

The Panel itself supplied the predicate: it confirmed the "$1.3 million award was for damage to Deltona's reputation and goodwill," a measure including "all elements of injury to the business of the trademark owner proximately resulting from the infringer's wrongful acts." Doc. 76-1 at 42 (citing *Aronowitz*, 513 F.3d at 1241); *accord Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1565 (11th Cir. 1986). That measure does not depend on bidding, and the Lanham Act and Florida common law independently support it. Doc. 76-1 at 30.

This Court's decisions on general verdicts are in unresolved conflict. Its more recent decisions preserve a general verdict supported by a single valid theory; but *Royal Typewriter*, *Torcise*, and *Richards* hold a general verdict "immune from attack only as long as the evidence under each count is sufficient to authorize the result." The conflict is captured in one pairing: *Marjam* requires the challenger to show the award was "specifically based on" the invalidated theory (812 F. App'x. at 810),

while *Richards* holds it "need only show the failure of any one" (21 F.3d at 1054–56).[5]

On the verdict-preserving side, *Marjam* sustained an unallocated lump-sum awarded "without allocating a specific amount per cause of action" despite a tainted theory (812 F. App'x. at 810), and *Fin. Info.* declined to parse a general verdict claim by claim (21 F.4th at 1274–75). In *MidlevelU*, this Court held an overbroad instruction harmless because a limiting instruction and the verdict form confirmed the jury stayed within proper bounds. 989 F.3d at 1218.

The Panel recited the "substantial and ineradicable doubt" standard but never applied the harmless-error review it demands. Doc. 76-1 at 36, 41-43. "[A]n inaccurate instruction may be harmless in the context of the whole trial" and is reviewed for prejudice. *Christopher v. Cutter Lab'ys*, 53 F.3d 1184, 1194 (11th Cir. 1995); *accord Luxottica,* 932 F.3d at 1311. *Christopher* ordered a new trial only because the error struck "the heart of [the] defense"—the sole theory of liability, 53 F.3d at 1195; here the invalidated theories are redundant routes to one indivisible award. Because Instructions 17 and 20 supplied one measure of damages and barred double recovery, and the jury returned a single figure keyed to that measure (ECF 314 at 28, 33), submitting invalid theories could not have affected it.

---

[5] *Torcise* invokes both the automatic-reversal rule and harmless-error review then selected the former without acknowledging contrary authority.

The burden falls on NOCO, and it cannot carry it. To upset a general verdict, the challenger must show the award "was specifically based on" an invalidated theory, *Marjam*, 812 F. App'x. at 810. Yet, NOCO never objected to the verdict form's pattern special interrogatory for actual damages or sought a special interrogatory apportioning damages. ECF 402 at 232:1-13. A party that endorses the verdict form cannot convert resulting ambiguity into a new trial. *Maiz v. Virani,* 253 F.3d 641, 657 n.11(11th Cir. 2001); *McCaig*, 788 F.3d at 476–77; *see Luxottica*, 932 F.3d at 1317 (objection to instruction "forfeited [] by failing to raise it to the district court"). The no-double-recovery instruction is presumed obeyed. *Luxottica*, 932 F.3d at 1320; *Free v. Baker*, 469 F. App'x. 786, 789-90 (11th Cir. 2012).

An analogous case confirms the point. In *J & M Turner, Inc. v. Applied Bolting Tech. Prods., Inc.,* a jury returned a single lump-sum on overlapping unfair-competition and Lanham Act false-advertising claims. 1998 WL 47379, at *8 (E.D. Pa. Jan. 30, 1998). Because the theories shared essentially the same elements and measured the same loss, the jury "was not required to allocate damages between the false advertising claims and the Lanham Act violation"—especially where "[n]o request was made by counsel for such an allocation." *Id.,* at *8, n.12.

Even on the automatic-reversal authority, the verdict here stands. *Royal Typewriter*, *Richards*, and *Torcise* addressed awards potentially divisible among distinct theories, where "there is no way to be sure that the jury's verdict was not

predicated solely on the invalid claim." *Richards*, 21 F.3d at 1054–56. That concern is absent here: the award is one indivisible measure—corrective-advertising cost. Unlike *Torcise*, no arithmetic gap exists; there is nothing to "parse."

The Panel's failure to make all reasonable efforts to reconcile an apparently inconsistent verdict and read it to resolve inconsistencies is a violation of the Seventh Amendment. *Atlantic*, 369 U.S. at 364; *Burger King Corp. v. Mason*, 710 F.2d 1480, 1489 (11th Cir. 1983); *City of Los Angeles v. Heller*, 475 U.S. 796, 806 (1986).

A new trial also exceeds what the law requires—a discrete portion "not permitted by law" may be modified to "the correct amount" without offending the Seventh Amendment, *Johansen v. Combustion Engineering, Inc.,* 170 F.3d 1320, 1330 (11th Cir. 1999), and any reduction lies in the remittitur power at Deltona's option, *Hetzel v. Prince William Cnty.*, 523 U.S. 208, 209 (1998); *Torcise*, 116 F.3d at 870. Because liability is affirmed and the award rests on a single measure, modification or remittitur—not vacatur—is the proper course.

## CONCLUSION

The Court should grant panel rehearing or rehearing en banc.

Dated: August 25, 2026

Respectfully submitted,

**SHUTTS & BOWEN LLP**

*/s/ Patricia M. Flanagan*
Patricia M. Flanagan
Florida Bar No. 58592
525 Okeechobee Blvd.
Suite 1100
West Palm Beach, FL 33401
Tel.: (561) 835-8500
Email: pflanagan@shutts.com

Jodi-Ann Tillman
Florida Bar No. 1022214
525 Okeechobee Blvd.
Suite 1100
West Palm Beach, FL 33401
Tel.: (561) 835-8500
Email: jtillman@shutts.com

Camila Chediak
Florida Bar No. 1039625
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131
Tel.: (305) 379-9177
Email: cchediak@shutts.com

*Attorneys for Appellee Deltona Transformer Corporation*

## CERTIFICATE OF COMPLIANCE

1. This petition complies with the type-volume limitation of Fed. R. App. P. 40(d)(3) and 11th Cir. R. 40-4 because this petition contains 3818 words, excluding the parts exempted by 11th Cir. R. 40-4.

2. This petition complies with the typeface and the type style requirements of Fed. R. App. P. 32(a)(5)-(6) because this petition was prepared in a proportionally spaced typeface using Microsoft Word® in 14 pt. font size, Times New Roman.

Dated: August 25, 2026

Respectfully submitted,

**SHUTTS & BOWEN LLP**

*/s/ Patricia M. Flanagan*
Patricia M. Flanagan

*Counsel for Appellee Deltona Transformer Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2026, the foregoing was electronically filed with the Clerk of the Court by using the Court's Appellate PACER system, which will automatically send a notice of electronic filing to all counsel of record. Under Eleventh Circuit Rule 25-3(f), no independent service by other means is required.

*/s/ Patricia M. Flanagan*
Patricia M. Flanagan

*Counsel for Appellee Deltona Transformer Corporation*